UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN L. RUSH,<br><br>            *Plaintiff*,<br><br>      v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>            *Defendants*. | Civil Action No. 25-01574 (AHA) |

### Memorandum Opinion

Stephen L. Rush, proceeding pro se, filed this action seeking "annulment and expulsion of Donald J. Trump . . . from any and every seat, seal, office, and residence of the President." ECF No. 5-1 at 1 (capitalization omitted). He also asks the Court to "induct and install Stephen L. Rush as President" and "order Congress to condemn and expel all instigators, collaborators, harborers, and engage in expunging all illegal acts and egregious law." *Id.*

"Article III of the Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks and citation omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Plaintiff does not allege a sufficient injury in fact. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992). Here, Plaintiff claims he alleges specific injury because, among other things, he "fears for his life" and "fears for his son's life"; he is "related to the founding fathers"; he is "a party injured specifically by . . . Trump's attack on social media"; and he is "an ordained evangelical and finds Trump morally reprehensible according to all that scripture teaches." ECF No. 5-1 ¶¶ 15–18. But these allegations are too "conjectural," "hypothetical," or "conclusory" to show standing. *See Lujan*, 504 U.S. at 560 (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Because Plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claims. *See, e.g.*, *Smith v. U.S. Dist. Ct.*, No. 24-cv-03473, 2025 WL 688978, at *2 (D.D.C. Feb. 25, 2025); *Page v. Evans*, No. 24-cv-670, 2024 WL 3534752, at *3 (D.D.C. July 25, 2024).

Accordingly, this action is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff's motion to amend is granted and his motion to expedite is denied as moot. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   June 30, 2025